William D. TAPSCOTT, Appellant,

v.

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES et al.

No. 72–1176.

United States Court of Appeals, District of Columbia Circuit.

Dec. 28, 1972.

Mr. Robert M. Alexander, Arlington, Va., was on the brief for appellant.

Mr. Edward L. Merrigan, Washington, D. C., was on the brief for appellees.

Before FAHY, Senior Circuit Judge, and WRIGHT and WILKEY, Circuit Judges.

PER CURIAM:

We agree with the District Court in holding that the complaint failed to allege a cause of action under 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, and 1988, the Federal Civil Rights Act. We also agree with the District Court in holding that the claim of libel and slander was barred by the statute of limitations applicable to such a claim. We accordingly affirm the dismissal of the complaint with respect to these matters.

As to the dismissal of the complaint in its entirety, we are faced on the appeal with the contention that, in addition to the above stated claims, the cause of action was also grounded upon the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 411–12, considered with Executive Order No. 11491. Since the complaint failed to mention this Act and Executive Order as the basis for subject-matter jurisdiction, the District Court did not pass upon the validity of the complaint in this respect, although the court did rule that plaintiff had not exhausted his administrative remedies within the labor organization.

In the above situation we think the approriate disposition of the appeal is to vacate the order dismissing the complaint as such dismissal affects the claim under 29 U.S.C. §§ 411–12, and the Executive Order, and to remand the case to the District Court for consideration of that claim, and for reconsideration of the exhaustion question as it is involved in the claim under 29 U.S.C. §§ 411–12

and the Executive Order, with leave to the court to entertain, if need be, a motion to amend with respect to such claim. See, *passim,* 28 U.S.C. § 2106. We leave undisturbed the action of the District Court with respect to the failure to obtain in personam service as set forth in its order on appeal, without prejudice to such further developments in that respect as may occur in connection with the remand.

It is so ordered.